IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTHIAN GEOVANNY QUINTERO SANCHEZ** | **CIVIL ACTION** |
| v. | No. 26-1086 |
| **MICHAEL ROSE,** *et al.* | |

Henry, J.                                                                                                    February 24, 2026

**<u>MEMORANDUM</u>**

      Christhian Geovanny Quintero Sanchez is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat an immigrant who was not inspected upon arrival in the country as "seeking admission," no matter how long ago that arrival occurred.[1] This distinction deprives a detainee like Quintero Sanchez of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the one appellate authority on point, I grant Quintero Sanchez's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

---

[1] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

I.   **<u>BACKGROUND</u>**

On February 19, 2026, Quintero Sanchez filed a petition for a writ of habeas corpus. Quintero Sanchez is detained in the Philadelphia Federal Detention Center (FDC) by Warden Jamal L. Jamison, after being arrested by Immigration and Customs Enforcement (ICE) on February 18, 2026, at a routine check-in with ICE. Michael Rose is the Field Office Director of Enforcement and Removal Operations at ICE's office in Philadelphia.

Quintero Sanchez is a citizen of Ecuador and entered the United States on or about October 3, 2023. He encountered immigration officials and was placed into standard removal proceedings under 8 U.S.C. § 1229a but was released on an order of recognizance after being served with a Notice to Appear for removal proceedings. He has remained in the United States since that time. Because Quintero Sanchez is detained under the mandatory detention provision of 8 U.S.C. § 1225, the respondents have determined that he will not be permitted a bond hearing, Br. in Opp. ("Opp.") at 7.

II.   **<u>DISCUSSION</u>**

As the respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. Opp. at 3. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations. The issue has been considered by one appellate court, which rendered its opinion earlier this month. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *e.g.*, Notice of Appeal, *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Feb. 2, 2026), but it has not yet produced a decision on the matter.

The question here: Is Quintero Sanchez properly detained under the mandatory detention provisions in 8 U.S.C. § 1225? According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Quintero Sanchez was "seeking admission" under this section, although he had been in the country since 2023 and was detained in February of 2026. This reading suffers from several textual problems. First, it is not a plain reading of the text, since it would be strange to say that Quintero Sanchez seeks to be "admitted" to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025). Next, it threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025); *accord Buenrostro-Mendez*, 2026 WL 32330 at *12 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 2026 WL 323330 at *4 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken over 200 times on the matter in the past several months, and where I have spoken several times myself without any internal contradiction of which I am aware, I think a deeper giving of reasons would be merely cumulative. Because I find the statutory arguments sufficient to hold Quintero Sanchez's present detention unlawful, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Quintero Sanchez is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Quintero Sanchez has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III.    CONCLUSION

For the reasons given above, Quintero Sanchez's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226.